UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


RICHARD TEJEDOR                                                                                   PLAINTIFF


V.                                                              CIVIL ACTION NO. 1:05cv679-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                         DEFENDANT


**ORDER**

There are several motions *in limine* pending in this matter.  This order addresses two of those filed by Defendant aimed at [87] precluding testimony or evidence relating to the interpretation of insurance policy provisions or principles of Mississippi law; and [86] excluding evidence, testimony, or argument with respect to Mississippi Department of Insurance (MDI) bulletins dealing generally with the adjustment of claims following Hurricane Katrina, and specifically correspondence between the Insurance Department and the Defendant.

As previously observed [75], Plaintiffs' cause of action at its core is based on an alleged breach of contract.  Plaintiffs also assert that they are entitled to punitive and/or extra-contractual damages due to the Defendant's alleged bad faith conduct in handling and denying their claim.

The underlying basis for [87] Defendant's motion to exclude evidence concerning the interpretation of policy provisions is that this testimony constitutes a legal conclusion and invades the province of the Court in instructing the jury.  Plaintiffs' response indicates that it is not so much expert opinion being offered on these issues (which, nevertheless, will not be allowed), but testimony from Defendant's personnel that sheds light on how the Defendant acted in adjusting the Plaintiffs' claim.

As for [86] the MDI bulletins and correspondence, Plaintiffs respond that potentially they will be used for impeachment purposes, depending on Defendant's use of the Insurance Commissioner's role in any defense that may be raised to justify its position or conduct.

It is difficult to envision a breach of an insurance contract suit without consideration of the policy provisions or the procedure utilized in handling the claim.  *See, e.g., Richards v. Allstate Insurance Co.*, 693 F.2d 502 (5th Cir. 1982); *Eichenseer v. Reserve Life Insurance Co.*, 682 F. Supp. 1355 (N.D. Miss. 1988), *aff'd*, 881 F.2d 1355 (5th Cir. 1989), *vacated on other grounds*, 499 U.S. 914 (1991); *Independent Life & Accident Insurance Co. v. Peavy*, 528 So. 2d 1112 (Miss. 1988); *Standard Life Insurance Company of Indiana v. Veal*, 354 So. 2d 239 (Miss. 1977).  This would be the case even if punitive or extra-contractual damages were not sought.

This Court agrees that independent expert testimony concerning the interpretation of policy provisions is not appropriate. The interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury. However, the Plaintiffs will be allowed to introduce evidence concerning the manner in which Defendant handled this claim (keeping in mind that the Court will instruct the jury on the applicable law), whether that relates to the policy provisions or the procedure adopted by Defendant in applying them (and what was done and not done in seeking guidance in that process).

The MDI bulletins and related correspondence are not admissible unless the Defendant responded to them in one manner and acted in another, or unless the Defendant raises reliance on the MDI bulletins for other purposes. For example, when responding to Defendant's [30] Motion for Summary Judgment, Plaintiffs pointed to a Wind/Water Protocol adopted by Defendant shortly following Katrina, and the application of an improper standard to their loss, a standard which is inconsistent with the terms of the policy. These documents, and similar documents prepared or used by the Defendant in adjusting or evaluating the Plaintiffs' claim, may be admissible, assuming the Plaintiffs establish the proper evidentiary predicate.

Accordingly, **IT IS ORDERED**:

Defendant's Motions [86] and [87] *in limine* are **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments . Expert testimony concerning the proper interpretation of policy provisions will be excluded; MDI bulletins and related correspondence will be excluded unless Defendant acted inconsistently with respect to their responses or unless the Defendant raises reliance on the bulletins or other matters associated with the MDI.

**SO ORDERED** this the 16th day of January, 2007.

s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge