UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD TEJEDOR**                                                  **PLAINTIFF**

**V.**                      **CIVIL ACTION NO.1:05CV679 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**           **DEFENDANT**

## ORDER

The Court has before it the motion [107] of Defendant State Farm Fire and Casualty Company (State Farm) to continue the trial of this cause.  Trial is scheduled to begin on Monday, January 22, 2007, five days hence.  A jury for this case has already been selected.

The motion asserts that this trial should not go forward until it has had an opportunity to obtain post-trial rulings on motions that will concern four basic sets of issues:

1. Issues relating to venue and State Farm's motion for a change of venue;

2. Issues relating to the allocation of the burden of proof under the State Farm policy and under Mississippi law;

3. Issues relating to the admissibility of evidence excluded during the trial of *Broussard v. State Farm Fire and Casualty Company*, 1:06cv6 LTS-RHW (the Broussard case); and

4. Issues relating to punitive damages.

State Farm contends that the Court made numerous errors of law in its rulings in Broussard on these issues, and State Farm contends that the trial of this action should not go forward until the Court has corrected its errors in the Broussard case.

I will overrule the motion for the following reasons:

1. There are no pending post-trial motions, and the Court does not have any idea when or whether these post-trial motions will be filed, argued, or decided.  Meanwhile, this case has been set for trial; a pre-trial order has been entered; a jury has been selected; and the parties have submitted their proposed jury instructions.  While it is true that there are many similarities between the Broussard case and this case, there are also significant differences, not the least of which is the existence of flood insurance on the property at issue.

2. The change of venue motion in this case has not yet been ruled upon, although a jury has been selected after extensive voir dire examination by both parties. I will examine the jury further when they report for duty to ascertain whether there has been any influence exerted by the publicity concerning the outcome of the Broussard case, and to ascertain whether the jurors who have been selected for this case can affirm their previous commitment not to be swayed by this publicity. The Court notes that local newspapers have carried stories setting out both parties' views on the issues decided in the Broussard case and the effect of the rulings made in that case.

3. The motion to continue presents no new evidence concerning the issues State Farm asserts as grounds for relief.

4. An indefinite continuance of this action would disrupt the Court's trial schedule for the coming weeks. There are hundreds of cases on the Court's docket concerning property damage from Hurricane Katrina. These cases are in various stages of discovery, and those that are ready for trial must be tried promptly to minimize the delay in resolving the issues for each case. Thus any continuance of this matter would also necessarily affect the trial schedule for other pending cases.

State Farm will have a full and fair opportunity to argue its position on the issues and the asserted errors it has raised when its post-trial motions are filed and if and when these same issues arise in the trial of this case.

Accordingly, State Farm's motion [107] to continue the trial of this action and to stay further proceedings is hereby **DENIED**.

**SO ORDERED** this 18th day of January, 2007.

s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge